**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEWELL POINDEXTER,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:19-0770** |
| **v.** | : | **(JUDGE MANNION)** |
| **SUPT. KEVIN KAUFFMAN,** *et al.*, | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

**I. <u>Background</u>**

Plaintiff, an inmate formerly confined[1] in the State Correctional Institution, Huntingdon, ("SCI-Huntingdon") Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Plaintiff names as Defendants Superintendent Kevin Kauffman and Correctional Officer Rush Stigers. Id.

Plaintiff alleges that Officer Stigers has "been harass[ing] [him] for over a year" and that he has "file[d] many grievances on Officer Stigers for over pat search of [him] and pat search in the crotch area touch [Plaintiff's] penis many times and makes sexual advances to [Plaintiff] and threat[en]

---

[1] Plaintiff is currently housed in the Forest State Correctional Institution, Marienville, Pennsylvania.

[Plaintiff]." (Doc. 1). Plaintiff claims that Superintendent Kauffman failed to protect Plaintiff from the actions of Officer Stigers Id.

Plaintiff files the instant action seeking to "remove Officer Stigers and charge[s] filed against him for sexual harassment and charge[s] against Supt. Kevin Kauffman for cover up criminal act by this officer involving criminal conspiracy." Id. For relief, Plaintiff seeks damages for "the mental [and] physical abuse" because "now [he is] very depress[ed]" and "paranoid." Id.

Presently before the Court is Defendants' motion for summary judgment. (Doc. 69). The motion is fully briefed and is ripe for disposition. For the reasons that follow, the Court will grant Defendants' motion for summary judgment.


**II. Summary Judgment**

Federal Rule of Civil Procedure 56(a) requires the court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement

is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Id. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consol. Rail Corp., 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Co., 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56 to go beyond his pleadings with affidavits, depositions, answers to interrogatories or the like in order to

demonstrate specific material facts which give rise to a genuine issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. See Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. White, 826 F.2d at 59. In doing so, the Court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. Id. (citations omitted). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the

nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a *pro se* litigant. These rules apply with equal force to all parties. See Sanders v. Beard, No. 09-CV-1384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010) (*pro se* parties "are not excused from complying with court orders and the local rules of court"); Thomas v. Norris, No. 02-CV-01854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006) (*pro se* parties must follow the Federal Rules of Civil Procedure).

## III.   Statement of Undisputed Facts[2]

---

[2] The Local Rules of Court provide that in addition to filing a brief in opposition to the moving party's brief in support of its motion, "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party]...as to which it is contended that there exists a genuine issue to be tried." M.D. Pa. L.R. 56. 1. The Rule further requires the inclusion of references to the parts of the record that support the statements. Id. Finally, the Rule states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. See id. Unless otherwise noted, the factual background herein is taken from Defendants' Rule 56.1 statement of material facts. (Doc. 39). Plaintiff did not file a response to Defendants' statement of facts in compliance with M.D. Pa. L.R. 56.1. Thus, the Court deems the facts set forth by Defendants to be undisputed. See M.D. Pa. LR 56. 1; Fed. R. Civ. P. 56(e)(2).

Within the Department's facilities, for obvious security reasons, every inmate is subject to search at any time. (Doc. 39, Statement of Material Facts). A pat search is a hands-on search conducted over the inmate's clothing. Id. A proper pat search of an inmate includes searching the groin area, which means moving hands up into this area and gently, but firmly, manipulating the area to feel for contraband. Id. Poindexter was an inmate at SCI-Huntingdon, where Stigers was a corrections officer and Kauffman was the Facility Manager. Id. Poindexter was pat searched by Stigers a total of three times, with the first one occurring because Poindexter had magazines that did not have his name on them. Id. The pat search consisted of Stigers moving his hands up Poindexter's inner thighs and manipulating his genital area. Id. Poindexter was fully clothed the entire time. Id. The second and third searches were conducted in the same manner. Id.

Poindexter filed grievances about the first two searches. Id. He did not grieve the third search. Id. After the second grievance, Poindexter's complaint was forwarded to the Prison Rape Elimination Act ("PREA") section to conduct an inquiry. Id. Poindexter was interviewed, and video of the pat search was reviewed. Id. The pat search was found to be conducted within policy. (Doc. 39-6 at 4, Report of Incident). After the third search,

Poindexter then wrote to Kauffman to complain about Stigers. (Doc. 39). This was the first and only time he wrote to Kauffman. Id.

## IV. Discussion

### A. Sexual Assault/Harassment

Defendants seek summary judgment on the ground that the alleged incidents in which Defendant Stigers allegedly grabbed Plaintiff's testicle is insufficient to establish an Eighth Amendment violation. To survive summary judgment, Plaintiff must produce sufficient evidence establishing that: (1) he was incarcerated under conditions posing a substantial risk of serious harm (an objective inquiry), which " 'may be established by much less than proof of a reign of violence and terror,' but requires more than a single incident or isolated incidents"; (2) the prison official acted with deliberate indifference to a substantial risk to Plaintiff's health and safety (a subjective inquiry); and (3) the prison official's deliberate indifference caused Plaintiff harm. Bristrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

Punishment is cruel and unusual under the Eighth Amendment when it inflicts unnecessary and wanton pain, and it includes punishment lacking any penological justification. Rhodes v. Chapman, 452 U.S. 337, 346 (1981).

Case 3:19-cv-00770-MEM-DB   Document 51   Filed 03/31/21   Page 8 of 14


"A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." Banks v. Rozum, 639 Fed.Appx. 778, 782 (3d Cir. 2016) (quoting Crawford v. Cuomo, 796 F.3d 252, 257 (2d Cir. 2015)). However, where the search does not extend beyond the scope needed to support a legitimate penological purpose of prison security, there is no constitutional violation. Id.; see also Banks v. Rozum, Civ. No. 14-27J, 2015 WL 1186224, at *12 (W.D. Pa. March 13, 2015) (citing Grummett v. Rushen, 779 F.2d 491, 495 (9th Cir. 1985) ("[R]outine pat-down searches, which include the groin area, and which are otherwise justified by security needs, do not violate the [F]ourteenth [A]mendment....")), aff'd, 639 Fed.Appx. 778 (3d Cir. 2016). As one court has explained:

> [a]ny manual search of an individual's body will require some amount of manipulation of the genitals in order to accomplish the purpose of the search. Although "grabbing" and "tugging" could cause some discomfort and embarrassment, it does not rise to the level of "unnecessary and wanton infliction of [pain]" so long as it occurs as part of an otherwise justified search.

Banks, 2015 WL 1186224, at *13 (alternations in original) (quoting Cherry v. Frank, Civ. No. 03-129, 2003 WL 23205817, at *12 (W.D. Wis. Dec. 4, 2003)); see also Wolfe v. Beard, Civ. No. 10-2566, 2013 WL 2370572, at *12 (E.D. Pa. May 31, 2013) (citing Hughes v. Smith, 237 Fed.Appx. 756, 759

(3d Cir. 2007); Kiser v. Kramer, Civ. No. 10-609, 2010 WL 4513421, at *3 (D. Del. Nov. 2, 2010)) (concluding that "[t]he [c]ourt's legal conclusion that [defendant's] search did not violate the Eighth Amendment is bolstered by the fact that other courts within this circuit have determined that a frisking officer's contact with an inmate's genitals or private areas during a single pat-down search is insufficient to constitute an Eighth Amendment violation"); Harris v. Zappan, No. 97-4957, 1999 WL 391490, at *1, 3 (E.D. Pa. May 29, 1999) (reasoning that sexually explicit comments, fondling, and rubbing prisoner's thigh and breasts did not rise to the level of an Eighth Amendment violation); see also Sharpe v. Costello, Civ. No. 06-1493, 2007 WL 1098964, at *4 (M.D. Pa. Apr. 11, 2007) (describing applicable case law).

To constitute an Eighth Amendment claim, the incidents complained of must be "sufficiently serious" or "cumulatively egregious in the harm they inflicted." Chavis v. U.S., 597 Fed.Appx. 38, 41 (3d Cir. 2014) (quoting Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir. 1997)). "[I]solated episodes of harassment and touching ... are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court." Boddie, 105 F.3d at 861; Chavis, 597 Fed.Appx. at 41; see also Williams v. Silverman, Civ. No. 12-0974, 2013 WL 6578980, at *4 (E.D. Pa. Dec. 16,

2013) (dismissing with prejudice claim alleging one instance of inappropriate touching during pat-down search); Hughes, 237 Fed.Appx. at 759 (affirming dismissal of Eighth Amendment claim alleging officer touched plaintiff's testicles through his clothing during single pat-down frisk).

"Instead, only severe or repetitive sexual abuse has been found to rise to the level of an Eighth Amendment violation." Banks, 2015 WL 1186224, at *14. Compare United States v. Walsh, 194 F.3d 37 (2d Cir. 1999) (stating that corrections officer who repeatedly steps on inmate's penis to wantonly inflict pain violates inmate's right to be free of cruel and unusual punishment), with Hughes v. Smith, 237 Fed.Appx. 756, 759 (3d Cir. 2007) (affirming dismissal of Eighth Amendment claim alleging an officer touched plaintiff's testicles through his clothing during a single pat-down frisk), Banks, 639 Fed.Appx. at 782 (affirming dismissal of Eighth Amendment claim for failure to state a constitutional violation where inmate alleged a correctional officer roughly groped prisoner's groin through his pants with an aggressive tight squeeze on two occasions), Bradley v. United States, 299 F.3d 197 (3d Cir. 2002) (upholding pat-down search by female customs inspector of female passenger at customs checkpoint where passenger alleged that inspector inappropriately touched her genitals through her dress), Chavis, 597 Fed.Appx. at 41 (affirming district court's dismissal of Eighth Amendment

claim where officer allegedly groped prisoner's testicles and brushed his penis while performing a pat-down search because the isolated incident did not rise to the level of an Eighth Amendment violation), and Watson v. Beard, Civ. No. 09-087J, 2013 WL 4648323, *9-10 (W.D. Pa. Aug. 28, 2013) (upholding pat-down search through clothing that included the groin area), aff'd on other grounds, 448 Fed.Appx. 141 (3d Cir. 2014).

Stigers searched Poindexter a total of three times. Outside of these searches, there are no other allegations regarding Stigers touching, rubbing, or fondling. Three occurrences can hardly be considered pervasive, particularly when Stigers was well within his job duties to search Poindexter for contraband. While Poindexter may have found these searches offensive, nothing about the circumstances as detailed in the record before this Court suggests that Defendant Stigers failed to comport with applicable constitutional standards, as the Plaintiff's complaint consists of isolated, random, painless pat-down searches unaccompanied by any sexual commentary or other inappropriate behavior by Defendant Stigers during the frisks at issue. See Davis v. Castleberry, 364 F. Supp. 2d 319, 321–22 (W.D.N.Y. 2005) (finding allegation that officer grabbed inmate's penis during routine pat-down insufficient to state constitutional claim and noting that a legitimate pat-down may require touching inmate's genital area for the

search to be effective). Moreover, Plaintiff has failed to raise "more than a mere scintilla of evidence in [his] favor" in order to overcome Defendants' summary judgment motion and cannot survive summary judgment by relying on unsupported assertions or conclusory allegations. See Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989). Accordingly, Stigers is entitled to an entry of summary judgment.

### B. <u>Failure to Protect</u>

Plaintiff claims that Defendant Kauffman failed to protect him from the actions of Officer Stigers. (Doc. 1 at 3).

The Court of Appeals has specifically concluded that "a corrections officer's failure to intervene in [an assault] can be the basis of liability for an Eighth Amendment violation under §1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." Smith v. Messinger, 293 F.3d 641, 650 (3d Cir. 2002); Ricks v. Shover, 891 F.3d 468, 479 (3d Cir. 2018). In order to impose liability under this theory, Poindexter must produce evidence to show that Defendant Kauffman "ignored a realistic opportunity to intervene" in an assault. Smith, 293 F.3d at 652; Ricks, 891 F.3d at 479. The evidence in this case, however, cannot support a finding that Defendant Kauffman was in a position to observe, let alone intervene in Stigers' alleged assault upon Poindexter. Moreover, the Court finds,

however, that the evidence relating to the three pat searches is insufficient to support a separate Eighth Amendment violation and, therefore, it cannot support a claim against Defendant Kauffman based upon his failure to intervene, and Defendant Kauffman is entitled to summary judgment.

### C. §1983 Conspiracy

Plaintiff seeks to bring "charge[s] against Supt. Kevin Kauffman for cover up criminal act by this officer involving criminal conspiracy." (Doc. 1 at 3).

The United Sates Supreme Court has outlined the required elements of a §1983 conspiracy claim. To succeed, the plaintiff must prove (1) that defendants deprived him of a right secured by the Constitution and laws of the United States and (2) that defendants deprived plaintiffs of this constitutional right under color of law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). To sustain a claim of conspiracy under §1983, there must be a finding of an actual violation of a constitutional right. Dykes v. Southeastern Pennsylvania Transp. Authority, 68 F.3d 1564, 1570 (3d Cir. 1995).

In this case, the Court has found that the record fails to reveal an underlying §1983 violation and thus a §1983 conspiracy claim cannot stand.

Therefore, Defendants' are entitled to summary judgment on Plaintiff's conspiracy claim.

## VI. <u>Conclusion</u>

Based upon the undisputed facts of record, Defendants' motion for summary judgment will be granted.

An appropriate order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**Dated: March 31, 2021**
19-0770-01

- 14 -